No. 23-3174

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

UNITED STATES OF AMERICA,
Appellee,

v.

ANTHONY BROOKINS,
Appellant.

Appeal from the final judgment for revocation of supervised release
in the United States District Court for the Western District
of Pennsylvania at Crim. No. 08-166 (Conti, J.)

BRIEF FOR APPELLEE

ERIC G. OLSHAN
United States Attorney

JONATHAN R. BRUNO
Assistant United States Attorney

United States Attorney's Office
700 Grant Street, Suite 4000
Pittsburgh, Pennsylvania 15219
Tel: (412) 644-3500
Fax: (412) 644-6995
jonathan.bruno@usdoj.gov

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.......................................................................iii

TABLE OF ABBREVIATIONS..............................................................xi

JURISDICTIONAL STATEMENT .......................................................... 1

STATEMENT OF THE ISSUE .................................................................3

STATEMENT OF RELATED CASES .....................................................4

STATEMENT OF THE CASE ..................................................................6

    A.    Brookins is convicted of drug-trafficking and ammunition offenses, secures a ten-year downward variance, and later secures a further five-year reduction of his sentence. ...............6

    B.    Brookins admits to violating a condition of his supervised release and receives a Guidelines sentence. ..............................9

    C.    Defense counsel moves to withdraw under *Anders*. .................19

SUMMARY OF ARGUMENT ................................................................21

ARGUMENT .........................................................................................22

    This Court should affirm the judgment of the District Court, despite the limitations of counsel's *Anders* brief, because the issues on appeal are patently frivolous......................................22

    A.    The *Anders* brief will likely be deemed inadequate. ............23

    B.    Brookins's pro se issues are patently frivolous. ...................27

        1.    *Imposition of the no-contact release condition was not plain error.* ......................................................27

2. *Brookins waived any challenge to his inpatient treatment condition, and the Court did not plainly err in imposing a within-range prison term.* ............... 29

3. *No error resulted from recommendations by Brookins's Probation Officer or from the oral pronouncement of special release conditions.* ............. 33

4. *Brookins was not denied due process.* .......................... 36

C. Any other issues are likewise patently frivolous ................. 41

1. *The District Court had jurisdiction.* ........................... 41

2. *Any challenge to the validity or voluntariness of Brookins's admission fails on plain error review.* ....... 42

3. *The sentence was procedurally and substantively reasonable.* ................................................. 44

CONCLUSION ...................................................................... 50

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Anders v. California,*
    386 U.S. 738 (1967) ............................................................ 3, 19, 23, 24

*Gagnon v. Scarpelli,*
    411 U.S. 778 (1973) .......................................................................... 36

*Holguin-Hernandez v. United States,*
    589 U.S. 169 (2020) ...................................................................... 3, 32

*McCoy v. Ct. of Appeals of Wisc., Dist. 1,*
    486 U.S. 429 (1988) .......................................................................... 24

*Morrissey v. Brewer,*
    408 U.S. 471 (1972) .................................................................... 27, 37

*Penson v. Ohio,*
    488 U.S. 75 (1988) ............................................................................ 24

*Puckett v. United States,*
    556 U.S. 129 (2009) .............................................................. 3, 23, 47

*Simon v. Gov't of Virgin Islands,*
    679 F.3d 109 (3d Cir. 2012) ............................................................ 22

*Smith v. Barry,*
    502 U.S. 244 (1992) ............................................................................ 2

*Smith v. Robbins,*
    528 U.S. 259 (2000) .................................................................... 23, 24

*Tapia v. United States,*
    564 U.S. 319 (2011) .................................................................... 45, 46

*United States v. Alvarado,*
    448 F. App'x 197 (3d Cir. 2011) .................................................. 43, 44

*United States v. Alvarez-Machain,*
    504 U.S. 655 (1992) .......................................................................... 42

**Page(s)**

**Cases (cont.)**

*United States v. Barnes,*
  629 F. App'x 459 (3d Cir. 2015) .......................................................... 41

*United States v. Beale,*
  No. 22-4211, 2023 WL 1433644 (4th Cir. Feb. 1, 2023) ...................... 38

*United States v. Bell,*
  233 F. App'x 193 (3d Cir. 2007) .......................................................... 26

*United States v. Bortels,*
  962 F.2d 558 (6th Cir. 1992) ............................................................... 29

*United States v. Brashear,*
  797 F. App'x 77 (3d Cir. 2019) ............................................................ 43

*United States v. Broce,*
  488 U.S. 563 (1989) ...................................................................... 41, 42

*United States v. Brookins,*
  413 F. App'x 509 (3d Cir. 2011) ........................................ 4, 6, 7, 9, 42

*United States v. Brown,*
  No. 21-1372, 2022 WL 1511609 (6th Cir. May 13, 2022) .................... 39

*United States v. Bruley,*
  15 F.4th 1279 (10th Cir. 2021) ...................................................... 35, 36

*United States v. Bungar,*
  478 F.3d 540 (3d Cir. 2007) .......................................................... 32, 48

*United States v. Burnett,*
  989 F.2d 100 (2d Cir. 1993) ................................................................ 25

*United States v. Castelli,*
  550 F. App'x 91 (3d Cir. 2014) ............................................................ 40

*United States v. Cavanaugh,*
  No. 19-3563, 2021 WL 5447017 (3d Cir. Nov. 22, 2021) ............... 25, 26

*United States v. Clark,*
  726 F.3d 496 (3d Cir. 2013) ................................................................ 23

**Page(s)**

## Cases (cont.)

*United States v. Coleman,*
  575 F.3d 316 (3d Cir. 2009) ............................................. 25, 26, 27, 41

*United States v. Combs,*
  36 F.4th 502 (4th Cir. 2022) ................................................................. 39

*United States v. Cook,*
  775 F. App'x 44 (3d Cir. 2019) ........................................................... 33

*United States v. Correa-Torres,*
  326 F.3d 18 (1st Cir. 2003) .................................................................. 43

*United States v. Craig,*
  368 F.3d 738 (7th Cir. 2004) ................................................................. 1

*United States v. D'Amario,*
  328 F. App'x 763 (3d Cir. 2009) ........................................................... 2

*United States v. Dees,*
  467 F.3d 847 (3d Cir. 2006) .................................................. 27, 32, 42

*United States v. DeRewal,*
  66 F.3d 52 (3d Cir. 1995) ........................................................... 37, 40

*United States v. Devlin,*
  800 F. App'x 88 (3d Cir. 2020) ............................................ 22, 41, 42

*United States v. Eddy,*
  No. 23-4008, 2023 WL 7908077 (4th Cir. Nov. 16, 2023) .................... 39

*United States v. Flores-Mejia,*
  759 F.3d 253 (3d Cir. 2014) .................................................................. 3

*United States v. Foley,*
  946 F.3d 681 (5th Cir. 2020) ................................................................. 47

*United States v. Henderson,*
  64 F.4th 111 (3d Cir. 2023) ................................................................. 30

*United States v. Henderson,*
  998 F.3d 1071 (9th Cir. 2021) ............................................................. 33

**Page(s)**

**Cases (cont.)**

*United States v. Henry,*
  979 F.3d 1265 (10th Cir. 2020) ........................................................... 35

*United States v. Huff,*
  703 F.3d 609 (3d Cir. 2013) ........................................................... 2, 32

*United States v. Irvin,*
  431 F. App'x 142 (3d Cir. 2011) .......................................................... 26

*United States v. Janqdhari,*
  701 F. App'x 86 (3d Cir. 2017) ........................................................... 26

*United States v. Johnson,*
  356 F. App'x 785 (6th Cir. 2009).......................................................... 40

*United States v. Langley,*
  52 F.4th 564 (3d Cir. 2022) ......................................................... 22, 24

*United States v. Lopez-LaRosa,*
  593 F. App'x 144 (3d Cir. 2014) .......................................................... 26

*United States v. Lucas,*
  441 F. App'x 84 (3d Cir. 2011) ....................................................... 24, 45

*United States v. Malinsky,*
  391 F. App'x 200 (3d Cir. 2010) .......................................................... 26

*United States v. Maloney,*
  513 F.3d 350 (3d Cir. 2008) ................................................... 22, 36, 37

*United States v. Marvin,*
  211 F.3d 778 (3d Cir. 2000) .............................................................. 25

*United States v. Melton,*
  No. 22-3261, 2023 WL 4542000 (3d Cir. July 14, 2023) ..................... 41

*United States v. Metz,*
  610 F. App'x 206 (3d Cir. 2015) .......................................................... 34

*United States v. Moore,*
  24 F.3d 624 (4th Cir. 1994)................................................................. 1

**Page(s)**

## Cases (cont.)

*United States v. Muhammud,*
  701 F.3d 109 (3d Cir. 2012) ............................................................ 1, 2

*United States v. Murillo,*
  385 F. App'x 90 (3d Cir. 2010) ........................................................ 25

*United States v. Navarro,*
  661 F. App'x 195 (3d Cir. 2016) ...................................................... 49

*United States v. Neal,*
  512 F.3d 427 (7th Cir. 2008) .............................................. 37, 39, 40

*United States v. Nisbett,*
  455 F. App'x 225 (3d Cir. 2011) ...................................................... 24

*United States v. Olano,*
  507 U.S. 725 (1993) .......................................................................... 23

*United States v. Ortega,*
  19 F.4th 831 (5th Cir. 2021) ............................................................ 31

*United States v. Packer,*
  83 F.4th 193 (3d Cir. 2023) ............................................................. 45

*United States v. Paige,*
  760 F. App'x 142 (3d Cir. 2018) ...................................................... 44

*United States v. Parris,*
  No. 22-1392, 2023 WL 8725918 (3d Cir. Dec. 19, 2023) .............. 26, 45

*United States v. Pawlowski,*
  27 F.4th 897 (3d Cir. 2022) ............................................................. 23

*United States v. Pruden,*
  398 F.3d 241 (3d Cir. 2005) ............................................................ 34

*United States v. Salazar,*
  987 F.3d 1248 (10th Cir. 2021) ....................................................... 33

*United States v. Santos Diaz,*
  66 F.4th 435 (3d Cir. 2023) ................................................. 27, 28, 30

**Page(s)**

**Cases (cont.)**

*United States v. Schonewolf*,
905 F.3d 683 (3d Cir. 2018) ........................................ 45, 46

*United States v. Schuh*,
289 F.3d 968 (7th Cir. 2002) ............................................. 22

*United States v. Scripps*,
961 F.3d 626 (3d Cir. 2020) ........................................ 2, 32

*United States v. Sicher*,
239 F.3d 289 (3d Cir. 2000) ............................................. 29

*United States v. Simmons*,
69 F.4th 91 (3d Cir. 2023) ....................................... 30, 48, 49

*United States v. Swehla*,
83 F.4th 678 (8th Cir. 2023) ....................................... 29, 30

*United States v. Taylor*,
519 F. App'x 85 (3d Cir. 2013) ......................................... 33

*United States v. Taylor*,
78 F.4th 1132 (9th Cir. 2023) .......................................... 31

*United States v. Thompson*,
289 F.3d 524 (8th Cir. 2002) ........................................... 30

*United States v. Thompson*,
653 F.3d 688 (8th Cir. 2011) ........................................... 34

*United States v. Thornhill*,
759 F.3d 299 (3d Cir. 2014) ............................................. 47

*United States v. Todd*,
756 F. App'x 170 (3d Cir. 2018) ........................................ 46

*United States v. Tomko*,
562 F.3d 558 (3d Cir. 2009) ........................................ 44, 45

*United States v. Voelker*,
489 F.3d 139 (3d Cir. 2007) ............................................. 28

**Page(s)**

**Cases (cont.)**

*United States v. Wise,*
  515 F.3d 207 (3d Cir. 2008) .................................................. 48

*United States v. Wooding,*
  515 F. App'x 172 (3d Cir. 2013) ........................................... 44

*United States v. Youla,*
  241 F.3d 296 (3d Cir. 2001) ......................................... 22, 24

**Statutes**

18 U.S.C. § 922(g)(1) ............................................................. 49

18 U.S.C. § 924(a)(8) ............................................................. 49

18 U.S.C. § 3006A .................................................................. 11

18 U.S.C. § 3231 ................................................................. 1, 41

18 U.S.C. § 3553(a) ................................... 17, 31, 44, 45, 47

18 U.S.C. § 3559(a)(3) ........................................................... 49

18 U.S.C. § 3583(b)(2) ........................................................... 49

18 U.S.C. § 3583(d) ......................................................... 27, 31

18 U.S.C. § 3583(e) ................... 1, 12, 17, 33, 36, 41, 42

18 U.S.C. § 3583(h) ............................................................... 49

18 U.S.C. § 3603 ............................................................. 33, 34

18 U.S.C. § 3742(a)(1) ............................................................. 2

21 U.S.C. § 841(b)(1)(B)(iii) ................................................ 49

21 U.S.C. § 851 ...................................................................... 49

28 U.S.C. § 1291 ...................................................................... 2

28 U.S.C. § 2255 ................................................................. 4, 9

## Rules

Fed. R. App. P. 4(b)(1) ................................................................. 1

Fed. R. App. P. 4(c)(1) ................................................................. 1

Fed. R. Crim. P. 11 .................................................................... 43

Fed. R. Crim. P. 32(e)(3) ............................................................ 34

Fed. R. Crim. P. 32(j) ................................................................. 2

Fed. R. Crim. P. 32.1(b)(1) .................................................... 11, 38

Fed. R. Crim. P. 32.1(b)(2) ................................................ 12, 37, 43

Fed. R. Crim. P. 51(b) ................................................................ 3

Fed. R. Crim. P. 52(b) ............................................................... 23

3d Cir. L.A.R. 109.2(a) ...................................................... 21, 22, 24

## Sentencing Guidelines

U.S.S.G. § 7B1.1(a)(3)(B) .......................................................... 12

U.S.S.G. § 7B1.4(a) ................................................................. 12

# TABLE OF ABBREVIATIONS

"Appx"           refers to the initial volume of Appellant Anthony
                 Brookins's Appendix (ECF No. 36).

"Tr."            refers to the transcript of Brookins's revocation hearing,
                 filed as a separate Appendix volume (ECF No. 49).

"SAppx"          refers to the Supplemental Appendix filed by Appellee
                 United States of America.

"Dkt.No."        refers to entries on the District Court docket at Crim.
                 No. 08-166 (W.D. Pa.).

"*Anders*.Br."   refers to the "*Anders* Brief and Motion" (ECF No. 26)
                 filed by Counsel for Appellant.

"Add."           refers to the "Addendum to Brief" filed by Counsel for
                 Appellant (ECF No. 37).

"ProSe.Br."      refers to Brookins's pro se brief (ECF No. 46).

"PSR"            refers to the Presentence Investigation Report in the
                 underlying case, as adopted by the District Court, *see*
                 SAppx33 (sent. tr.), referenced at Brookins's revocation
                 hearing, *see* Tr.18, and filed under seal in this Court.

# JURISDICTIONAL STATEMENT

This is an appeal from a final judgment of sentence for revocation of supervised release under 18 U.S.C. § 3583(e)(3). Appx2–6 (judgment). The District Court had jurisdiction under 18 U.S.C. §§ 3231, 3583(e).

Appellant Anthony Brookins deposited his pro se notice of appeal in his correctional facility's internal mail system on November 30, 2023—nine days after judgment was entered on November 21, 2023. *See* Appx1 (notice); SAppx21 (docket). When Brookins submitted the pro se notice, he was still represented by counsel. *See* SAppx76 (mot. to withdraw). His notice was marked "filed" by the District Court on December 7, 2023, Appx1 (notice) (capitalization omitted)—two days after the applicable 14-day appeal deadline, *see* Fed. R. App. P. 4(b)(1).

Though it arrived late, Brookins's notice arguably "is timely" under the prison mailbox rule. Fed. R. App. P. 4(c)(1); *see also United States v. Craig*, 368 F.3d 738, 740 (7th Cir. 2004) (holding that prison mailbox rule applies without regard to inmate's represented status); *United States v. Moore*, 24 F.3d 624, 626 & n.3 (4th Cir. 1994) (same).

This Court need not address that rule, however, because the 14-day appeal deadline is "not jurisdictional." *United States v. Muhammud*, 701

F.3d 109, 111 (3d Cir. 2012). Although that deadline is "rigid" and must be enforced when requested, *id.*, the Government, under the specific circumstances of this case, does not seek dismissal for untimeliness.

Similarly, the Government does not, in this instance, seek dismissal based on Brookins's having personally filed his notice of appeal while represented by counsel. *See United States v. D'Amario*, 328 F. App'x 763, 765 (3d Cir. 2009) (per curiam) (not precedential) (exercising jurisdiction over appeals noticed pro se by a represented defendant).[1]

This Court has appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1). Though Brookins completed his prison term on July 23, 2024, he remains subject to a term of supervised release. Appx4 (judgment). Accordingly, "no mootness concerns . . . exist" here. *United States v. Huff*, 703 F.3d 609, 611 (3d Cir. 2013); *see also, e.g.*, *United States v. Scripps*, 961 F.3d 626, 631 (3d Cir. 2020).

---

[1] Brookins may have believed he was no longer represented, given that the District Court (correctly) advised him of his appellate rights and offered to have "the Clerk of Court . . . prepare and file a notice of appeal on your behalf." Tr.32; *see also* Fed. R. Crim. P. 32(j). Regardless, it is generally "the notice afforded by a document, not the litigant's motivation in filing it, [that] determines the document's sufficiency as a notice of appeal." *Smith v. Barry*, 502 U.S. 244, 248–49 (1992). Here, Brookins's pro se filing afforded adequate notice of his appeal.

## STATEMENT OF THE ISSUE

Brookins was notified of the charges against him, freely admitted to violating a condition of his supervised release, and received a revocation sentence within the Sentencing Guidelines range. He raised no objections of any kind. His counsel later moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Should this Court affirm?

**Preservation**: Brookins preserved neither the issues raised in his pro se brief nor any other issues that might have been raised. *See* Fed. R. Crim. P. 51(b); *Puckett v. United States*, 556 U.S. 129, 135 (2009). At his final revocation hearing, he confirmed his understanding of the charges, Tr.3–6; freely admitted to violating a release condition, Tr.6–8, 14–15; failed to request a shorter sentence than the one imposed, *see* Tr.6–24; and raised no objections of any kind, personally or through counsel, *see* Tr.6–36. *Cf. Holguin-Hernandez v. United States*, 589 U.S. 169, 173 (2020) (preservation of claim that sentence is substantively unreasonable requires defendant to have "advocate[d] for a sentence shorter" than the one imposed); *United States v. Flores-Mejia*, 759 F.3d 253, 258 (3d Cir. 2014) (en banc) (preservation of claim that sentence is procedurally unreasonable requires objection after sentence is pronounced).

## STATEMENT OF RELATED CASES

Brookins and his counsel both state that there are no related cases. ProSe.Br.4; Add.1. In fact, Brookins is invoking this Court's appellate jurisdiction for the third time. In 2010, he challenged his underlying conviction and sentence on direct appeal. *See United States v. Brookins*, 413 F. App'x 509 (3d Cir. 2011) (not precedential). This Court affirmed. *Id.* at 511. In 2013, after an unsuccessful collateral attack under 28 U.S.C. § 2255 and an unsuccessful motion for a new trial, Brookins again appealed. 3d Cir. No. 13-1758. This Court denied a certificate of appealability in part and dismissed in part. Dkt.No.142.

In the instant revocation proceedings, Brookins was initially charged with violating a condition of his supervised release that required him to refrain from criminal activity, based on two sets of state charges for simple assault and harassment. *See* Appx8–9 (pet.) (citing Penn Hills (Pa.) Magisterial Dist. Ct. No. CR-165-2023); SAppx69 (supp. pet.) (citing Monroeville (Pa.) Magisterial Dist. Ct. No. CR-372-2023). The Government later withdrew those alleged violations. Tr.7.

- 4 -

Counsel is not aware of any other related case or proceeding—completed, pending, or anticipated—before this Court or any other court or agency, state or federal.

## STATEMENT OF THE CASE

In this *Anders* case, Appellant Anthony Brookins challenges the revocation of his supervised release and his sentence within the applicable Sentencing Guidelines range. Brookins was on release from a drug-trafficking and ammunition conviction when he violated a release condition requiring him to complete a drug abuse treatment program. He freely admitted to the violation. The District Court correctly calculated his Guidelines range and imposed a within-range sentence of 14 months' imprisonment followed by six years of supervised release. Brookins neither requested a lesser sentence nor raised any objections.

**A.  Brookins is convicted of drug-trafficking and ammunition offenses, secures a ten-year downward variance, and later secures a further five-year reduction of his sentence.**

In early 2007, Brookins sold crack cocaine to a confidential informant out of a house in Braddock, Pennsylvania, near Pittsburgh. *Brookins*, 413 F. App'x at 511. He was twenty-five years old and already had a lengthy criminal history, including juvenile adjudications for crack cocaine and illegal gun possession and multiple adult convictions for drug trafficking. *See* SAppx35, 45, 54 (sent. tr.); PSR ¶¶ 4–5, 22–25, 27–31, 39. The Braddock house was later searched pursuant to a warrant.

*Brookins*, 413 F. App'x at 511. In the master bedroom, officers found "crack cocaine, plastic baggies, a scale, cash, ammunition, an Iver Johnson Smith & Wesson revolver, and documents addressed to Brookins at [the home's address]." *Id.*

Brookins was indicted for being a felon in possession of the ammunition (Count One); and for possessing with intent to distribute 50 grams or more of a mixture or substance containing cocaine base (Count Two). *Id.* He unsuccessfully moved to suppress the evidence. *Id.* A jury later found Brookins guilty of both crimes. *Id.*

At sentencing, the District Court determined Brookins was a career offender and calculated his advisory Sentencing Guidelines range to be 360 months to life in prison. *Id.* at 511, 513. Brookins asked the Court to depart or vary downward. SAppx32, 44 (sent. tr.). The Court granted that request, varying downward by ten years to impose concurrent sentences of 120 months at Count One and 240 months (the then-applicable mandatory minimum) at Count Two. SAppx36, 52, 62 (sent. tr.); SAppx24 (judgment); PSR ¶ 48.

In granting a downward variance, the District Court explained that it sought to avoid disparity between powder and crack cocaine offenses

and to account for Brookins's "very difficult childhood" and "the difficulties [he] had in [his] youth." SAppx49, 61 (sent. tr.). Brookins both dealt and used drugs from a young age. PSR ¶¶ 39, 43. He had previously expressed an interest in substance abuse treatment. PSR ¶ 43.

The District Court imposed concurrent terms of supervised release of three years at Count One and ten years (the then-applicable mandatory minimum) at Count Two. SAppx37, 52 (sent. tr.); SAppx25 (judgment); PSR ¶ 50. In discussing the applicable release conditions, the Court urged Brookins "to avoid the people, places, and things that brought you here today." SAppx54 (sent. tr.).

The Court also noted that Brookins would be required to participate in a substance abuse treatment program until released from that obligation by the U.S. Probation Office. SAppx55–56 (sent. tr.). Although Brookins had "wound up on the streets in the drug culture" from a young age, the Court believed treatment would "help [him] avoid the drug culture" after his release. SAppx57–58; *see also* SAppx60 ("[S]ubstance abuse treatment . . . is justified because of your use of drugs throughout your childhood and your early adulthood."). The Court assured Brookins that "you will never want to go back to jail" and encouraged him to take

his release conditions "as positive things that are going to help you stay away from this life that brought you here." SAppx54–55.

On direct appeal, this Court affirmed Brookins's conviction and sentence. *Brookins*, 413 F. App'x at 511. Brookins then collaterally attacked his sentence under 28 U.S.C. § 2255 and moved for a new trial. SAppx17 (docket). Both efforts failed. Dkt.No.137 (order denying relief); *see also* Dkt.No.142 (order of this Court denying in part and dismissing in part Brookins's appeal).

Brookins succeeded, however, in securing a five-year reduction of his sentence under the First Step Act of 2018. SAppx65 (order). The District Court ordered his sentence at Count Two reduced from 240 months' imprisonment and ten years of supervised release to 180 months' imprisonment and eight years of supervised release. *Id.*

Just a few months after securing the sentence reduction, Brookins completed his prison term and began serving his term of supervised release. *See* Appx8 (pet.).

## B. Brookins admits to violating a condition of his supervised release and receives a Guidelines sentence.

In 2022, about two and a half years into his eight-year term of supervised release, Brookins stopped attending a mandatory drug abuse

treatment program he had begun a few months earlier. *See* Appx8 (pet.); Tr.6–8. As alleged by the U.S. Probation Office, Brookins initially "attended 15 sessions" of that outpatient program, but "after repeated attempts to contact him, he was unsuccessfully discharged . . . due to noncompliance exceeding 30 days." Appx9 (pet.).

In its petition for a summons, the U.S. Probation Office also alleged several other violations of Brookins's release conditions. *See* Appx8–13 (pet.). For example, Brookins allegedly engaged in criminal conduct during an April 2023 domestic incident with his then-girlfriend, resulting in state charges of simple assault and harassment. Appx8–9. He also allegedly used illicit drugs three times. Appx9. Brookins "admitted to relapsing and using cocaine" on each occasion. *Id.*

In response to the U.S. Probation Office's petition, the District Court ordered the issuance of a summons. Dkt.No.165 (order). That summons referred to the petition that had been "filed with the court[.]" SAppx66 (summons). Brookins was personally served with the summons on May 23, 2023, *id.*, approximately six months before his November 21, 2023 final revocation hearing, *see* SAppx20–21 (docket).

While Brookins awaited his hearing, the U.S. Probation Office filed a supplemental petition alleging yet another violation of his release conditions. SAppx68–73 (supp. pet.). Specifically, Brookins allegedly engaged in criminal conduct during a July 2023 domestic incident with his ex-girlfriend, resulting in another set of state charges for simple assault and harassment. SAppx68–69. The supplemental petition included an amended violation worksheet listing all of Brookins's alleged violations, including those from the initial petition. SAppx71–73.

In response to the supplemental petition, the District Court ordered the issuance of a warrant for Brookins's arrest. Dkt.No.176 (order). A week later, Brookins appeared before a U.S. Magistrate Judge. *See* SAppx74 (record of initial appearance). He was accompanied by counsel appointed under the Criminal Justice Act (CJA), 18 U.S.C. § 3006A. *See id.*; SAppx21 (docket); Dkt.No.182 (appointment order). Brookins waived reading of the charges, which were summarized. SAppx74 (record of initial appearance). He also waived a preliminary hearing under Federal Rule of Criminal Procedure 32.1(b)(1). SAppx75 (waiver).

At his final revocation hearing, Brookins again appeared with his appointed counsel. Tr.1–2. The District Court recited the alleged

violations, Tr.3–6, which Brookins confirmed he understood, Tr.6.[2] He then immediately admitted to violating the release condition that required him to participate in a drug abuse treatment program until released from such program by the U.S. Probation Office. *See* Tr.6 (Brookins admitting to "[c]ertain violations"); *id.* (counsel clarifying that Brookins admitted only to "violation number 5," concerning the "[p]articipate in a testing and, if necessary, treatment" condition).[3] Brookins's counsel, the Government, and the District Court all agreed (correctly) that this was a Grade C violation. Tr.6, 13, 25.

---

[2] In his pro se brief, Brookins states that "a violation report was amended a week before" his final revocation hearing. ProSe.Br.2. The only "[a]mended" violation worksheet in the record, however, was attached to the U.S. Probation Office's supplemental petition filed approximately four months before the hearing. SAppx71; *see also* SAppx20 (docket). The District Court's recitation of the charges at the hearing faithfully recounted the allegations contained in the U.S. Probation Office's petition and supplemental petition. *Compare* Tr.3–6 *with* Appx8–13 (pet.); *and* SAppx68–69, 71–72 (supp. pet.).

[3] The District Court did not remind Brookins, before he admitted to violating the drug-treatment condition, of his right to a formal hearing under Federal Rule of Criminal Procedure 32.1(b)(2). *See* Tr.2–6. The Court also did not remind him, pre-admission, of either the statutory maximum sentence or of the applicable Sentencing Guidelines range. *See id.*; 18 U.S.C. § 3583(e)(3) (maximum five years in prison); U.S.S.G. §§ 7B1.1(a)(3)(B), 7B1.4(a) (range of 8 to 14 months for Grade C violation with criminal history category of VI); *accord* PSR ¶¶ 35, 48.

After Brookins admitted to violating his drug-treatment condition, the Government withdrew all other alleged violations. Tr.7. The District Court then requested information on Brookins's circumstances, Tr.8, which his Probation Officer provided, Tr.9–12. Both alleged domestic incidents, the Probation Officer noted, involved the same complainant. Tr.10. State charges that stemmed from the earlier alleged incident had been "dismissed," while those that stemmed from the latter remained "pending . . . ." Tr.10.

The Government stated that "the [G]uideline range for failure to comply with the program for treatment, which is a Grade C violation, [is] 8 to 14 months." Tr.13. The Government then requested "the maximum under the 8 to 14 month [G]uideline range." Tr.13–14. Releasing Brookins "before then," the Government argued, would risk his "fall[ing] right back into some of these problems." Tr.14.

Brookins then allocuted. Tr.14–15. He did not take issue with the Government's account of the Guidelines range. *See id.* Nor did seek to withdraw his admission that he had failed to complete the drug treatment program. *See id.* To his credit, Brookins instead admitted: "I got a drug problem. I got to admit that, and that's one of my struggles . . .

as far as being in denial about it." Tr.14. He added: "I really do need help." *Id.* Brookins also acknowledged having "rocky relationships" and needing to "make better decisions relationship-wise." Tr.14–15. While insisting that he is "not abusive," Brookins stated: "I am not suitable for a relationship and I understand that." Tr.15. When the District Court asked Brookins directly if he wanted help, he replied: "Yes, ma'am. Yes, Your Honor." Tr.17.

Brookins did not request leniency, did not request any particular sentence, and did not counter the Government's request for "the maximum under the 8 to 14 month [G]uideline range." Tr.13–14; *see also* Tr.14–15. Brookins's counsel, in his brief remarks, likewise did not advocate for a different sentence than the one requested by the Government. *See* Tr.12–13.

The District Court observed that, in its experience, "long-term residential drug treatment program[s]" offer defendants like Brookins "the best chance of success . . . ." Tr.17. The Court noted that it had "[gone] back and reviewed [Brookins's underlying] Pre-Sentence Investigation Report." Tr.18. Recalling Brookins's "traumatic" and "difficult childhood," the Court stated that such a treatment program

should include a "mental health component," and should be followed by step-down programs to ease Brookins's transition from an inpatient facility to life in the community. Tr.18. All told, these programs should last "at least nine months," the Court stated. Tr.23.

The Court also discussed with Brookins his goals for future employment, emphasizing that he would "have to be sober and stay sober" and "follow through" with his treatment programs. Tr.22. The Court told Brookins: "You should be successful. But something is holding you back, and it seems to be that inability to follow through to complete these treatment programs . . . ." Tr.24.

Summarizing its proposal for getting Brookins into a long-term, inpatient drug treatment program, the District Court stated: "So that's what I would like to recommend for you if you are willing to do it." Tr.24. Brookins responded: "Yes, Your Honor." *Id.*

The District Court then announced its findings and imposed sentence. The Court found that because Brookins had admitted "that he did not complete his treatment programs as required," he indeed "violated that condition" of his release. Tr.24–25. The Court imposed a sentence of 14 months' imprisonment followed by 22 months of post-

revocation supervised release at Count One, and a concurrent sentence of 14 months' imprisonment followed by six years of post-revocation supervised release at Count Two. Tr.25, 31; Appx3–4 (judgment).

The Court also announced the conditions of Brookins's post-revocation supervision. Tr.25–26. Besides completing a long-term, residential drug treatment program, the Court noted that Brookins would be required to avoid contact with his ex-girlfriend, the complainant in the two alleged domestic incidents. Tr.26.

When the Court began announcing this condition, Brookins's Probation Officer provided the complainant's name and suggested that the condition require "[n]o" contact, rather than merely requiring Brookins to "avoid" contact. Tr.26. The Court agreed, explaining to Brookins: "No contact . . . , direct or indirectly. That means you can't call her. You can't have a third party contact her for you. Just no contact whatsoever with her." *Id.*; *see also* Appx6 (judgment). Brookins did not object. *See* Tr.26–36.

Brookins's Probation Officer then requested that all previously imposed conditions of Brookins's supervised release be reimposed. Tr.26.

The Court agreed. Tr.25 ("Yes, I will do that."); *see also* Appx4–6 (judgment); *accord* SAppx26 (underlying judgment).

In describing the reasons for the sentence, the Court discussed applicable factors under 18 U.S.C. § 3553(a). *See* Tr.27–31; 18 U.S.C. § 3583(e) (providing that a court should consider sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) before revoking supervised release).

Regarding the nature and circumstances of the offense, the Court focused on Brookins's admitted failure to complete his treatment program, which "indicated [he] has been struggling with sobriety . . . ." Tr.27. The Court also drew a connection between Brookins's admitted drug problem and "some of the other charged conduct[.]" *Id.* The other alleged violations were withdrawn, the Court acknowledged, "but I'm just going to take some notice of them." *Id.* The Court explained:

> Whether or not the altercations with the girlfriend occurred as she reported, there was still some issue in relationships, and the defendant has acknowledged having difficulty with relationships, and they appear to be prompted by the drug culture, the drug usage and struggling with that . . . . So the whole situation is difficult, but it seems to be really focused on the defendant's inability to maintain sobriety, and so that's why the conditions have been imposed. The government withdrew the more serious charges. I did take note of that, but

I felt given the situation, it was important that there be the 14 months of imprisonment . . . .

*Id.*

Turning to the history and characteristics of the defendant, the Court focused on the lasting effects of Brookins's "difficult childhood," including his apparent inability to "stay away from the drugs," which "seems to prompt all of these other problems for you." Tr.30.

As for providing "appropriate treatment," the Court told Brookins that it needed to "take into account the struggles that you've had with sobriety." *Id.* The Court then referred again to Brookins's planned treatment after completing his prison term, specifically "this intensive drug treatment program" that Brookins would be expected to complete at an inpatient facility. *Id.*

Having thus summarized the reasons for Brookins's sentence, the District Court advised Brookins of his appeal rights. Tr.32. The Court stated that the Clerk would "prepare and file a notice of appeal on your behalf," if requested. *Id.* Brookins confirmed that he understood his appeal rights. *Id.*

Neither Brookins nor his counsel raised any objections during the hearing. *See* Tr.1–36. When asked if anything further should come to the

Court's attention, Brookins's counsel stated: "Nothing here. Thank you." Tr.36. As it adjourned the proceeding, the Court told Brookins: "I hope this will work for you." *Id.* Brookins responded: "I appreciate it. Thank you." *Id.* Later that day, judgment was entered. Appx2–6 (judgment); SAppx21 (docket).

Sixteen days later, the Clerk stamped as "filed" a handwritten, pro se notice of appeal that Brookins had mailed from the correctional center in Ohio where he was then being held. Appx1 (notice) (capitalization omitted). Brookins's notice contained his declaration, under penalty of perjury, that he deposited the notice of appeal in the facility's internal mail system on November 30, 2023—nine days after the District Court entered judgment. Appx1 (notice); Appx2–6 (judgment).

## C. Defense counsel moves to withdraw under *Anders.*

After Brookins's notice was docketed, his counsel moved to withdraw in the District Court. SAppx76 (motion). While that motion was pending, this Court docketed Brookins's appeal and appointed the same attorney to continue representing Brookins on appeal. ECF No. 2 (order). Counsel later moved to withdraw under *Anders*, 386 U.S. at 738. *See Anders.*Br.1–6. His brief identifies no potential issues for appeal but

asserts that "any further proceedings on behalf of [Brookins] would be wholly frivolous and without arguable merit . . . ." *Anders*.Br.5.

Brookins later submitted a pro se brief raising several issues. *See* ProSe.Br.4–6. He also unsuccessfully moved for release, to expedite the appeal, and to proceed pro se. ECF No. 50 (motion); ECF No. 56 (order).

Brookins completed his term of imprisonment and was released from custody on July 23, 2024. *See* https://www.bop.gov/inmateloc/ (last visited August 1, 2024).

## SUMMARY OF ARGUMENT

Counsel's *Anders* brief will likely be deemed inadequate under Local Appellate Rule 109.2(a) and this Court's precedent. Because the issues on appeal are patently frivolous, however, the District Court's judgment of conviction and sentence should be affirmed.

Brookins's pro se issues are patently frivolous. His 14-month prison term was not plainly erroneous and he waived any challenge to his post-revocation inpatient treatment condition. As for the condition barring him from contact with his ex-girlfriend, its imposition was not plain error under the circumstances. Nor did plain error result from the participation of Brookins's Probation Officer. Brookins suffered no violation, much less a plain-error violation, of his right to due process.

Any other issues that might have been raised are likewise patently frivolous. The District Court had jurisdiction. Any challenge to the voluntariness of Brookins's admission that he violated his release fails under plain error review. And Brookins's sentence was procedurally and substantively reasonable.

This Court should affirm.

# ARGUMENT

**This Court should affirm the judgment of the District Court, despite the limitations of counsel's *Anders* brief, because the issues on appeal are patently frivolous.**

## *Standard of review*

This Court considers in the first instance whether counsel has satisfied *Anders* and Local Appellate Rule 109.2(a). *United States v. Langley*, 52 F.4th 564, 569 (3d Cir. 2022). The Court exercises plenary review to determine whether there are any non-frivolous issues for review. *Simon v. Gov't of Virgin Islands*, 679 F.3d 109, 114 (3d Cir. 2012); *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Whether an issue is frivolous is informed by the standard of review that would apply to each potential issue. *United States v. Devlin*, 800 F. App'x 88, 91 n.3 (3d Cir. 2020) (not precedential) (citing *United States v. Schuh*, 289 F.3d 968, 974–76 (7th Cir. 2002)).

Ordinarily, this Court would review a district court's decision to revoke supervised release for abuse of discretion, with underlying factual findings reviewed for clear error and legal issues reviewed de novo. *United States v. Maloney*, 513 F.3d 350, 354 (3d Cir. 2008). The procedural and substantive reasonableness of the sentence imposed

would likewise ordinarily be reviewed for abuse of discretion. *United States v. Clark*, 726 F.3d 496, 500 (3d Cir. 2013).

But here, Brookins failed to preserve any potential issues for appeal, *see supra* at 3, so the applicable standard is plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Pawlowski*, 27 F.4th 897, 911 (3d Cir. 2022). Under that rigorous standard, the Court's authority "is strictly circumscribed." *Puckett*, 556 U.S. at 134. There must be (1) an "error" that (2) is "plain" and (3) "affects substantial rights." *United States v. Olano*, 507 U.S. 725, 732 (1993). If all three conditions are met, this Court may exercise its "sound discretion" to correct the error—but only if (4) "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id*. (internal quotation marks omitted).

### *Discussion*

#### A.    The *Anders* brief will likely be deemed inadequate.

Appellate counsel for indigent criminal defendants must do more, in cases lacking nonfrivolous grounds for appeal, than send a simple "no-merit letter." *Anders*, 386 U.S. at 745; *see also Smith v. Robbins*, 528 U.S. 259, 280–81 (2000). Counsel must also provide "a brief referring to anything in the record that might arguably support the appeal." *Anders*,

386 U.S. at 744. Such an "*Anders* brief" affords the defendant a measure of advocacy while assisting the court in testing counsel's claim that the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 81 (1988).[4]

This Court has set forth the minimum requirements for *Anders* briefs. *See Langley*, 52 F.4th at 569; 3d Cir. L.A.R. 109.2(a). Such a brief must demonstrate "that [counsel] has thoroughly examined the record in search of appealable issues . . . ." *Langley*, 52 F.4th at 569 (citing *Youla*, 241 F.3d at 300). To make this demonstration, an *Anders* brief should provide "a discussion of the strongest arguments revealed" by counsel's examination. *Id.* at 570 (quoting *McCoy v. Ct. of Appeals of Wisc., Dist. 1*, 486 U.S. 429, 444 (1988)). The brief must then "explain[ ] why" the potential issues are frivolous. *Id.* at 569 (citing *Youla*, 241 F.3d at 300).

A "succinct" *Anders* brief may suffice in the supervised release revocation context. *United States v. Nisbett*, 455 F. App'x 225, 227 (3d Cir. 2011) (not precedential); *see also, e.g.*, *United States v. Lucas*, 441 F. App'x 84, 86–87 (3d Cir. 2011) (not precedential). However, if counsel's

---

[4] *Anders* briefing is one "acceptable" procedure among others for safeguarding a defendant's right to appellate counsel. *Robbins*, 528 U.S. at 265. While not constitutionally mandated, that procedure has become the standard approach to handling allegedly frivolous appeals by indigent defendants in federal courts. *See Langley*, 52 F.4th at 573 n.6.

brief is not merely concise but also wholly "conclusory," it risks becoming "for all practical purposes worthless." *United States v. Burnett*, 989 F.2d 100, 105 (2d Cir. 1993); *accord United States v. Murillo*, 385 F. App'x 90, 91 (3d Cir. 2010) (not precedential).

Here, counsel's *Anders* brief identifies no potential issues for appeal. *See Anders*.Br.1–6. It contains a one-paragraph argument section asserting that "any further proceedings on behalf of [Brookins] would be wholly frivolous . . . ." *Anders*.Br.5. That assertion is unsupported by explanation or analysis. *See id.*

This Court has rejected substantially more thorough *Anders* briefs. In *United States v. Coleman*, 575 F.3d 316, 319 (3d Cir. 2009), for example, the Court found fault with a brief that identified and discussed a single issue. In *United States v. Marvin*, 211 F.3d 778, 781 (3d Cir. 2000), the Court found facially inadequate a brief that discussed "a few" potential issues, while leaving unexamined several others the brief identified. *See also, e.g.*, *United States v. Cavanaugh*, No. 19-3563, 2021 WL 5447017, at *2 (3d Cir. Nov. 22, 2021) (not precedential) (finding inadequate a brief that provided a "three-page explanation of why the issues raised . . . [were] frivolous").

Under the circumstances, the Government concludes that the *Anders* brief filed in this case will likely be deemed inadequate. *See Cavanaugh*, 2021 WL 5447017, at *2; *United States v. Irvin*, 431 F. App'x 142, 144 (3d Cir. 2011) (not precedential) (brief containing "two-and-a-half page argument section" that "d[id] not cite any cases from this Court" fell short); *United States v. Malinsky*, 391 F. App'x 200, 203–04 (3d Cir. 2010) (not precedential) (same where brief contained "only two pages of legal argument"); *United States v. Bell*, 233 F. App'x 193, 195 (3d Cir. 2007) (not precedential) (same where brief merely listed issues).

The Court need not appoint new counsel, however, and the judgment of the District Court should be affirmed, because Brookins's appeal "is patently frivolous." *Coleman*, 575 F.3d at 321; *see also, e.g.*, *United States v. Parris*, No. 22-1392, 2023 WL 8725918, at *2 (3d Cir. Dec. 19, 2023) (not precedential) (affirming despite inadequate *Anders* brief); *Cavanaugh*, 2021 WL 5447017, at *2 (same); *United States v. Janqdhari*, 701 F. App'x 86, 90–91 (3d Cir. 2017) (not precedential) (same); *United States v. Lopez-LaRosa*, 593 F. App'x 144, 146 (3d Cir. 2014) (not precedential) (same).

**B.      Brookins's pro se issues are patently frivolous.**

Brookins raises four issues, *see* ProSe.Br.4–6, but each "is patently frivolous," *Coleman*, 575 F.3d at 321, so this Court should affirm.

> *1.     Imposition of the no-contact release condition was not plain error.*

The District Court did not commit error, let alone plain error, in imposing a post-revocation release condition barring Brookins from contact with his ex-girlfriend. *See* ProSe.Br.4; Appx6 (judgment).

The "primary consideration" in imposing a revocation sentence is the defendant's "breach of trust" in violating conditions of his release. *United States v. Dees*, 467 F.3d 847, 853 (3d Cir. 2006). District courts have broad statutory authority to impose post-revocation special conditions that are "reasonably related" to the history and characteristics of the defendant or other pertinent sentencing factors. *United States v. Santos Diaz*, 66 F.4th 435, 448 (3d Cir. 2023) (citing 18 U.S.C. § 3583(d)), *cert. denied*, 144 S. Ct. 203 (2023). Such conditions may go "substantially beyond the ordinary restrictions imposed by law on an individual citizen." *Id.* at 448 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 478 (1972)). A release condition may be affirmed "if there is any 'viable basis' for [it] in

the record." *Id.* (quoting *United States v. Voelker*, 489 F.3d 139, 144 (3d Cir. 2007)).

Here, Brookins admitted during his allocution that his relationships had been "real rocky." Tr.14. He added: "I am not suitable for a relationship and I understand that." Tr.15. Brookins's counsel also acknowledged that Brookins's ex-girlfriend was the complainant in both alleged domestic incidents. *See* Tr.33. Although Brookins's Probation Officer opined that the complainant "isn't entirely credible," Tr.35, the District Court expressly avoided relying on the complainant's account of what transpired, *see* Tr.27 ("Whether or not the altercations . . . occurred as she reported, . . . [Brookins] has acknowledged having difficulty with relationships . . . ."). Moreover, the Court found—and Brookins agreed—that continuing to associate with other "drug users" would again "draw [him] into" drug use, Tr.15, which the Court identified as the root of Brookins's problems, *see* Tr.27.

This record affords a more-than-viable basis to affirm the no-contact condition, which reasonably relates to Brookins's history and characteristics, the protection of the public, and deterrence. *See Santos Diaz*, 66 F.4th at 448 (affirming no-contact condition as to fiancée with

whom defendant was involved in a domestic incident); *United States v. Swehla*, 83 F.4th 678, 682 (8th Cir. 2023) (affirming similar condition); *United States v. Bortels*, 962 F.2d 558, 560 (6th Cir. 1992) (same).

Nor can Brookins satisfy the remaining prongs of plain error review. Any error is not plain: Brookins cites no authority (and the Government is aware of none) holding that no-contact conditions in such circumstances impose a greater than necessary deprivation of liberty. *See* ProSe.Br.4; *accord United States v. Sicher*, 239 F.3d 289, 291 (3d Cir. 2000) (affirming travel limitation imposed to keep defendant "away from the influences that would most likely cause her to engage in further criminal activity").

### 2. Brookins waived any challenge to his inpatient treatment condition, and the Court did not plainly err in imposing a within-range prison term.

Brookins's claim that he was unreasonably sentenced to "9 months intensive [in]patient drug treatment," ProSe.Br.4, is contrary to the record and is waived. The release condition at issue does not require nine months of inpatient treatment. *See* Appx6 (judgment). Rather, it provides: "Preferably, the in-patient program will be at least 4 months;

and the entire program [including 3/4, 1/2, and 1/4 stepdown programs] will be 9 months or more." *Id.*; *see also* Tr.25.

Brookins waived any challenge to this release condition. A defendant waives a challenge when he "specifically assent[s] [to] and invite[s]" what he later claims is error. *United States v. Henderson*, 64 F.4th 111, 116 (3d Cir. 2023). Here, Brookins expressly requested help with his admitted "drug problem." Tr.14; *see also* Tr.17. After the District Court described the months-long treatment program for which Brookins's release condition now provides, *see* Tr.17–20, 24, the Court asked him "if you are willing to do it." Tr.24. Brookins responded: "Yes, Your Honor." Tr.24. When the Court then orally announced the condition, he stated: "Okay." Tr.25. Brookins therefore not only did not object, but specifically invited and assented to what he now says was error. "On appeal, [Brookins] cannot complain that the [Court] gave him exactly what [he] asked." *Swehla*, 83 F.4th at 681 (quoting *United States v. Thompson*, 289 F.3d 524, 526 (8th Cir. 2002)).

In any event, imposition of this condition was not error, much less plain error, because it "reasonably relate[s]" to pertinent sentencing factors. *Santos Diaz*, 66 F.4th at 448. Specifically, Brookins's history and

characteristics, the protection of the public, and the need to provide Brookins with appropriate treatment are all related to the challenged condition. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(C), (a)(2)(D), 3583(d); *United States v. Taylor*, 78 F.4th 1132, 1140 (9th Cir. 2023) (affirming release condition mandating up to one year of inpatient drug treatment for defendant with a history of drug abuse).

Nor does Brookins cite any authority suggesting that his treatment condition entails a greater-than-necessary deprivation of liberty, under the circumstances of this case. *Cf. United States v. Ortega*, 19 F.4th 831, 833 (5th Cir. 2021) (no plain error where defendant with drug history ordered to spend up to 12 months at an inpatient reentry center). His challenge of that release condition is patently frivolous.

Brookins also appears to challenge the length of his 14-month, within-range prison term. *See* ProSe.Br.4–4a.[5] Brookins completed that prison term and was released from custody while this appeal was pending. *See supra* at 20. As noted above, *supra* at 2, his release did not moot the appeal because Brookins "is currently serving his term of [post-

---

[5] The Government designates the unnumbered page after page 4 of Brookins's pro se brief as page 4a.

revocation] supervised release." *Scripps*, 961 F.3d at 631; *see also Huff*, 703 F.3d at 611.

Nonetheless, Brookins's challenge to the length of his now-completed prison term is patently frivolous. That challenge is reviewed for plain error only because Brookins never "advocate[d] for a sentence shorter" than the one imposed. *Holguin-Hernandez*, 589 U.S. at 173. Brookins's within-range sentence enjoys "a presumption of reasonableness." *United States v. Simmons*, 69 F.4th 91, 96 (3d Cir. 2023).

Here, Brookins received a substantial break at his original sentencing in the underlying case, when the Court urged him to "stay away from this life that brought you here." SAppx54–55; *see also* SAppx65 (order reducing sentence). Brookins instead, by his own admission, returned to a life of drugs. *See* Tr.14. He thereby breached the District Court's trust. *See Dees*, 467 F.3d at 853; *United States v. Bungar*, 478 F.3d 540, 544 (3d Cir. 2007). The Court nonetheless again tempered justice with mercy by sentencing Brookins within the Guidelines range and well below the statutory maximum of five years' imprisonment. *See*

18 U.S.C. § 3583(e)(3). In these circumstances, his 14-month prison term was not plainly erroneous.[6]

> **3.** *No error resulted from recommendations by Brookins's Probation Officer or from the oral pronouncement of special release conditions.*

Brookins's Probation Officer did not overstep his authority and the District Court adequately announced Brookins's special release conditions. *See* ProSe.Br.4a.

Probation officers have broad statutory authority to "report [the] conduct and condition [of a supervised releasee] to the sentencing court" and to "perform any other duty that the court may designate." 18 U.S.C. § 3603(2), (10); *see also, e.g., United States v. Taylor*, 519 F. App'x 85, 87 (3d Cir. 2013) (not precedential). Probation officers are also specifically authorized to make sentencing recommendations, which may include

---

[6] Notably, Brookins's 14-month sentence at Count One was permissible even though he had previously served the ten-year maximum for that offense. *See* Appx3 (judgment); SAppx24 (underlying judgment); PSR ¶ 47. "[A] defendant who has served the statutory maximum sentence may face additional imprisonment for violating the terms of supervised release." *United States v. Cook*, 775 F. App'x 44, 49 (3d Cir. 2019) (not precedential); *see also, e.g., United States v. Henderson*, 998 F.3d 1071, 1078 (9th Cir. 2021); *United States v. Salazar*, 987 F.3d 1248, 1258 (10th Cir. 2021).

proposed special conditions of supervised release. *See* Fed. R. Crim. P. 32(e)(3); *United States v. Thompson*, 653 F.3d 688, 690 (8th Cir. 2011).

Here, the District Court expressly requested the "information about [Brookins's] background . . . [and] circumstances" that his Probation Officer provided. Tr.8. The release condition regarding contact with Brookins's ex-girlfriend was mentioned first by the Court, which then asked Brookins's Probation Officer whether any other release conditions would be appropriate. *See* Tr.26. By providing his recommendations, the Probation Officer did not overstep his authority or engage in unauthorized practice of law. *See, e.g.*, *Thompson*, 653 F.3d at 690. He instead carried out his proper function. 18 U.S.C. § 3603(10); *accord* Fed. R. Crim. P. 32(e)(3).

The record confirms, moreover, that this is not a case in which a probation officer "decide[d] the nature or extent of the punishment imposed . . . ." *United States v. Pruden*, 398 F.3d 241, 250 (3d Cir. 2005); ProSe.Br.4a (quoting *United States v. Metz*, 610 F. App'x 206, 207 (3d Cir. 2015) (not precedential)). The District Court, not Brookins's Probation Officer, ultimately decided which release conditions would be imposed. *See* Tr.26.

The District Court also sufficiently announced Brookins's special release conditions at the revocation hearing. *See* Tr.25–26. True, the Court did not spell out "all the previously imposed conditions," Tr.26, as the written judgment does, Appx6. But that was not error because, "[a]t most, the differences [between the] oral sentence and written judgment create an ambiguity clarified in the written judgment." *United States v. Bruley*, 15 F.4th 1279, 1287 (10th Cir. 2021) (no error where, at revocation hearing, district court articulated only an "inexhaustive list" of the prior special conditions it reimposed).

Even assuming an error occurred, any error was not plain. *See, e.g.*, *United States v. Henry*, 979 F.3d 1265, 1270 (10th Cir. 2020) (observing that "reimposition of a special condition of release is different than imposing one in the first instance"). Here, Brookins knew the substance of his reimposed special release conditions, which were orally announced at his underlying sentencing, SAppx55–56 (sent. tr.), written in his underlying judgment, SAppx26, and which had been binding on him

nearly four years, *see* Appx8 (pet.). His challenge is therefore patently frivolous. *See Bruley*, 15 F.4th at 1287.[7]

        **4.**    *Brookins was not denied due process.*

Brookins suffered no violation, much less a plain-error violation, of his due process rights. *See* ProSe.Br.5–5b.[8] Revocation proceedings are subject only to "minimum requirements of due process." *Maloney*, 513 F.3d at 356 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973)); *see*

---

[7] Brookins asserts in passing that he "is unsure of whether he has to go to the RISE Program upon the completion of his sentence . . . ." ProSe.Br.4a. "The RISE Court Program (Reintegration Into Society Efforts) is a voluntary program" offered to certain defendants in the Western District of Pennsylvania. RISE Court Program, U.S. Probation & Pretrial Services, https://www.pawp.uscourts.gov/rise-court-program (last visited August 1, 2024). The record reflects that Brookins was accepted into and participated in that program before his supervised release was revoked. *See* Tr.9. But the District Court did not impose— orally or in writing—any condition requiring Brookins to participate in the program during his post-revocation supervision. *See* Tr.1–36; Appx6 (judgment). Nor was such participation mandated by his underlying sentence. SAppx52–56 (sent. tr.); SAppx25–26 (underlying judgment).

    Brookins also asserts in passing that he "has no way of opposing or objecting to any of the conditions requested by the probation officer." ProSe.Br.4a. That is incorrect. Not only did Brookins have ample opportunity to object at the revocation hearing, *see* Tr.25–36, but the law provides an avenue for him to seek modification of his release conditions as appropriate. 18 U.S.C. § 3583(e)(2).

[8] The Government designates the unnumbered pages after page 5 of Brookins's pro se brief as pages 5a and 5b.

*also Morrissey*, 408 U.S. at 489. Those requirements "have been incorporated into Rule 32.1 of the Federal Rules of Criminal Procedure, which governs the revocation of supervised release." *Maloney*, 513 F.3d at 356.

Relevant here, Rule 32.1 entitles a supervised releasee to disclosure of "the evidence against" him. Fed. R. Crim. P. 32.1(b)(2)(B). But neither the Rule nor precedent mandates "automatic production" of all potentially relevant files the releasee requests—let alone files he does not request. *United States v. DeRewal*, 66 F.3d 52, 55 (3d Cir. 1995). And only "evidence that actually was used by the Government in making its case" at the hearing need be disclosed—not all "evidence that might be useful to the defense[.]" *United States v. Neal*, 512 F.3d 427, 436 (7th Cir. 2008).

Brookins received due process in accordance with Rule 32.1. For instance, he received advance written notice of all alleged violations, including the lone violation that was not later withdrawn. *See supra* at 10–12.[9] Nothing in the record suggests he ever requested pre-hearing

---

[9] The record belies Brookins's claim that the charged violations were amended "a week before" his final revocation hearing, ProSe.Br.2, and that he received notice of certain violations "just [four] days before" that hearing, ProSe.Br.5. When the hearing occurred, Brookins had been on notice of his alleged violations for several months. Specifically, the

discovery, *see* Tr.1–36; SAppx20–21 (docket), and he does not now claim to have done so, *see* ProSe.Br.5–5b. At his initial appearance, Brookins waived reading of the charges. SAppx74 (record of initial appearance). He waived a preliminary hearing under Rule 32.1(b)(1). SAppx75 (waiver). And at his final hearing, he confirmed he understood the charges and then immediately admitted to having failed to complete his drug treatment program. Tr.6. All other alleged violations were withdrawn. Tr.7.

On this record, Brookins's complaint that he was denied discovery and denied disclosure of the evidence against him makes little sense. *See* ProSe.Br.5. As Brookins concedes, Rule 32.1 and precedent are "silent as to whether the disclosure [of evidence against the releasee] must occur prior to the revocation hearing" or during it. ProSe.Br.5a (quoting *United States v. Beale*, No. 22-4211, 2023 WL 1433644, at *2 (4th Cir. Feb. 1,

---

U.S. Probation Office's initial petition was referenced in the summons that was personally served on Brookins in May 2023, approximately six months before his final revocation hearing. SAppx66 (summons). The initial petition was again referenced in the U.S. Probation Office's supplemental petition, SAppx68—which Brookins appears to concede he received in July 2023, *see* ProSe.Br.5. Notably, that supplemental petition—with the "[a]mended" violation worksheet listing all alleged violations—was also filed on the docket in July 2023. *See* SAppx20 (docket).

2023) (per curiam) (not precedential)); *see also id.* (citing *United States v. Brown*, No. 21-1372, 2022 WL 1511609, at *5 (6th Cir. May 13, 2022) (stating in dicta that Rule 32.1 requires "pre-hearing" disclosure)).

Brookins appears to argue that he received no disclosure of any evidence at all, either before or during the hearing. *See id.* But the record undermines this claim. As noted, *see supra* at 10–12, Brookins received advance written notice of the U.S. Probation Office's allegations against him. And during the final hearing, he obviated the need for formal admission of evidence by immediately admitting to the lone violation that was not withdrawn. *See* Tr.6; *Neal*, 512 F.3d at 436 (only "evidence that actually was used by the Government in making its case" need be disclosed). At any rate, Brookins heard—and therefore received disclosure of—his Probation Officer's statements on the record regarding his "unsuccessful[ ] discharge[ ]" from his drug abuse treatment program. Tr.11. No violation of Rule 32.1 or due process occurred.

Brookins's appellate precedents are not to the contrary. *See* ProSe.Br.5. For example, this case does not involve the admission of hearsay as evidence at the revocation hearing. *United States v. Combs*, 36 F.4th 502, 506 (4th Cir. 2022) (affirming on plain error review); *United*

*States v. Eddy*, No. 23-4008, 2023 WL 7908077, at *1 (4th Cir. Nov. 16, 2023) (same). And Brookins made no request for pre-hearing discovery. *United States v. Castelli*, 550 F. App'x 91, 94 (3d Cir. 2014) (not precedential) (rejecting argument that releasee was entitled to disclosure of the entire U.S. Probation Office file); *United States v. Johnson*, 356 F. App'x 785, 789 (6th Cir. 2009) (unpublished) (holding that district court did not abuse its discretion in denying releasee's request for pre-hearing discovery).

Even if an error had occurred, Brookins cannot surmount plain error review. No consensus of authority makes plain Brookins's apparent proposed rule mandating pre-hearing disclosure of all potentially relevant information, even absent a discovery request. *See, e.g.*, *DeRewal*, 66 F.3d at 55; *Neal*, 512 F.3d at 436. Brookins also cannot show that his substantial rights were affected, "especially in light of his own admission at the hearing that he had violated [a] condition[ ] of his supervised release." *Castelli*, 550 F. App'x at 95.[10]

_____

[10] Brookins asserts in passing that he "did not have adequate time" to challenge the U.S. Probation Office's allegations against him. ProSe.Br.5b. The record demonstrates otherwise: by the time of his final revocation hearing, Brookins had been on notice of his alleged violations for months. *See supra* at 10–12, 37 n.9. Brookins also makes a passing

**C.    Any other issues are likewise patently frivolous.**

Because Brookins admitted to violating a release condition, his only other potential appellate issues are "the District Court's jurisdiction, the voluntariness of his admission, and the reasonableness of his sentence." *United States v. Melton*, No. 22-3261, 2023 WL 4542000, at *2 (3d Cir. July 14, 2023) (not precedential) (citing *United States v. Broce*, 488 U.S. 563, 569 (1989)). Those issues are likewise "patently frivolous," *Coleman*, 575 F.3d at 321, so this Court should affirm.

### 1.    The District Court had jurisdiction.

"[N]o one disputes, or reasonably could dispute, that the [District] Court had subject matter jurisdiction" here. *Devlin*, 800 F. App'x at 91. Congress explicitly conferred it. *See* 18 U.S.C §§ 3231, 3583(e)(3) (court may "revoke a term of supervised release").

---

claim that the U.S. Probation Office's amended violation worksheet improperly graded his alleged criminal conduct during the two domestic incidents as Grade A violations of supervised release. ProSe.Br.5b; *see also* SAppx71–72 (supp. pet.). Brookins is incorrect, however, that Pennsylvania simple assault necessarily falls short of a Grade A violation. *See United States v. Barnes*, 629 F. App'x 459, 461–63 (3d Cir. 2015) (not precedential). Even if the grading had been erroneous in this case, the alleged violations at issue were withdrawn, *see* Tr.7, so any error was not plain and did not affect Brookins's substantial rights, *see Barnes*, 629 F. App'x at 463.

Personal jurisdiction is likewise undisputed. *Devlin*, 800 F. App'x at 91. Brookins committed his offenses and was charged and convicted in the Western District of Pennsylvania, *see Brookins*, 413 F. App'x at 511, where he was likewise supervised after his release from prison, *see* Appx8 (pet.). *Cf. United States v. Alvarez-Machain*, 504 U.S. 655, 657 (1992) (even a defendant forcibly abducted from abroad may be prosecuted in the United States for violations of federal criminal law).

## 2. Any challenge to the validity or voluntariness of Brookins's admission fails on plain error review.

Brookins acknowledges on appeal that he admitted to violating a condition of his supervised release. ProSe.Br.2. Though he does not claim his admission was invalid or involuntary, that issue could have been raised, *see Devlin*, 800 F. App'x at 91, so the Government addresses it.

To revoke supervised release, a district court ordinarily must find that the defendant violated a release condition by a preponderance of the evidence. *Dees*, 467 F.3d at 855 (citing 18 U.S.C. § 3583(e)(3)). Where the defendant admits to the violation, the court need only ensure that his admission was counseled and voluntary. *Devlin*, 800 F. App'x at 91 (citing *Broce*, 488 U.S. at 569). The defendant's choice to admit the violation and forgo a formal hearing requires neither "magic words" nor "a formal

colloquy of the depth and intensity required under Federal Rule of Criminal Procedure 11 (governing guilty pleas in criminal cases)." *United States v. Alvarado*, 448 F. App'x 197, 201 (3d Cir. 2011) (not precedential) (quoting *United States v. Correa-Torres*, 326 F.3d 18, 23 (1st Cir. 2003)).

Here, Brookins's admission was valid and voluntary. At his final revocation hearing, he was represented by counsel, confirmed he understood the charges, and freely admitted to failing to complete his drug abuse treatment program. Tr.6. He had already been on notice for several months of the statutory maximum prison term. *See* Appx13 (pet.); SAppx72 (supp. pet.). And after the Government identified the Guidelines range and requested the maximum within-range prison term, Brookins did not object and made no attempt to withdraw his admission. *See* Tr.14–36. On this record, "[a]ny challenge to the voluntariness of his guilty plea would be meritless." *United States v. Brashear*, 797 F. App'x 77, 80 (3d Cir. 2019) (not precedential) (appeal from revocation of supervised release presented no nonfrivolous issues).

True, the District Court did not remind Brookins, before his admission, of his right to a formal hearing under Rule 32.1(b)(2), of the statutory maximum sentence, or of the Guidelines range. *See* Tr.2–6. But

under the totality of the circumstances, Brookins cannot reasonably deny that his admission was knowing and voluntary. *United States v. Paige*, 760 F. App'x 142, 145 (3d Cir. 2018) (not precedential). Even assuming the missing reminders resulted in error, Brookins cannot show his substantial rights were affected, because he admitted not only to failing to complete his treatment program, Tr.6, but to having a "drug problem." Tr.14. Under the plain error standard, any challenge to the voluntariness of his admission would be patently frivolous. *See Paige*, 760 F. App'x at 145; *United States v. Wooding*, 515 F. App'x 172, 174–75 (3d Cir. 2013) (not precedential); *Alvarado*, 448 F. App'x at 201.

### 3. The sentence was procedurally and substantively reasonable.

Brookins raises only a few discrete sentencing issues, and those have already been discussed above. *See supra* at 27–36. Any other potential sentencing issues that might have been raised are likewise patently frivolous.

First, Brookins's sentence was procedurally reasonable. When imposing sentence, a district court must calculate the Guidelines range, rule on any departure motions, and consider the applicable § 3553(a) factors. *Paige*, 760 F. App'x at 145 (citing *United States v. Tomko*, 562

F.3d 558, 567 (3d Cir. 2009) (en banc)). Explicit findings on each factor are not required, so long as the factors receive meaningful consideration. *See United States v. Packer*, 83 F.4th 193, 199 (3d Cir. 2023).

Here, after Brookins exercised his right of allocution, the District Court correctly determined his Guidelines range to be 8 to 14 months, Tr.25, and discussed several applicable § 3553(a) factors, Tr.27–31. The Court accordingly followed "the correct procedural steps" before imposing Brookins's 14-month sentence. *Parris*, 2023 WL 8725918, at *3 (sentence procedurally reasonable in *Anders* case); *Lucas*, 441 F. App'x at 87 (same where district court imposed within-range sentence for revocation of supervised release).

Notably, the District Court did not err in considering Brookins's need for appropriate treatment or in focusing on his drug problem and need for sobriety. *See* Tr.27, 30. Under *Tapia v. United States*, 564 U.S. 319, 321 (2011), considerations of treatment or rehabilitation may not permissibly determine the length of a term of imprisonment. *See United States v. Schonewolf*, 905 F.3d 683, 692 (3d Cir. 2018). But such considerations are entirely proper "in deciding whether to impose . . . supervised release." *Tapia*, 564 U.S. at 330 (citing 18 U.S.C. § 3583(c)).

At the final revocation hearing, the District Court understandably focused on treatment after Brookins highlighted his drug problem and asked for help to overcome it. *See* Tr.14, 17. The Court did not commit *Tapia* error, however, because it did not select Brookins's term of imprisonment to facilitate his rehabilitation. *See* Tr.27; *Schonewolf*, 905 F.3d at 692. Rather, the Court's emphasis on treatment concerned the special conditions of his post-revocation release, *see* Tr.17–18, 23–24, as permitted by *Tapia* and § 3583(c). *Cf. United States v. Todd*, 756 F. App'x 170 (3d Cir. 2018) (not precedential) (where *Tapia* error did occur, defendant could not surmount plain error review, having admitted to violating a release condition).

Nor did the District Court plainly err in "tak[ing] some notice" of "the other charged conduct" associated with the withdrawn allegations. Tr.27. The Court was careful not to assume the truth of those allegations. It used them instead to place Brookins's own admissions in broader context. *See id.* Whatever happened during the alleged domestic incidents, the Court observed, Brookins "has acknowledged having difficulty with relationships, and they appear to be prompted by the drug culture" and by his admitted drug problem. *Id.* These remarks, read as

part of the Court's broader discussion of various § 3553(a) factors, *see* Tr.27–31, do not reflect consideration of an impermissible factor.

Any error was not plain. At least one Circuit has held that a district court errs in relying on withdrawn allegations as the determinative factor in imposing a revocation sentence. *United States v. Foley*, 946 F.3d 681, 687–88 (5th Cir. 2020). But that is not what the District Court did here. *See* Tr.27–31. In any event, one such ruling is not sufficient to make the putative error "clear or obvious." *Puckett*, 556 U.S. at 135. Further, Brookins could not show that the putative error affected his substantial rights, given his admissions at the hearing and the Court's consideration of the relevant § 3553(a) factors. *See* Tr.6, 14, 27–31. Any error likewise did not affect the fairness, integrity, or reputation of judicial proceedings, considering the Court's "measured treatment" of Brookins despite his "breach of trust" in violating his release conditions. *United States v. Thornhill*, 759 F.3d 299, 314 (3d Cir. 2014).

Turning to substantive reasonableness, any challenge would again be patently frivolous. "A sentence is substantively reasonable, and [this Court] must affirm, if it 'falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors.'"

*Simmons*, 69 F.4th at 96 (quoting *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008)). The party challenging the sentence bears the burden of demonstrating substantive unreasonableness. *Id.*

Relevant here, the post-revocation release portion of Brookins's sentence was substantively reasonable and was not plainly erroneous. Brookins had completed less than half of his underlying eight-year term of supervised release when that release was revoked. *See* Appx2 (judgment); Appx8 (pet.); SAppx65 (order reducing sentence). As noted by the District Court, his history and characteristics, the nature and circumstances of his admitted violation, and his treatment needs all supported a lengthy post-revocation release term. *See* Tr.27–31; *supra* at 17–18. Brookins makes no attempt to carry his burden of demonstrating otherwise. *See* ProSe.Br.4–6.

His failure, moreover, to complete the drug treatment program "constituted a significant breach of the considerable trust that the Court reposed in [Brookins] by granting a generous downward departure" at his underlying sentencing. *Bungar*, 478 F.3d at 546. In such circumstances, even an above-Guidelines prison term may be substantively reasonable. *See id.* The less severe sanction of a post-revocation release term within

statutory limits, *see* 18 U.S.C. § 3583(h), is substantively reasonable, too. *See Simmons*, 69 F.4th at 96 (reimposition of lifetime supervised release was reasonable); *United States v. Navarro*, 661 F. App'x 195, 199 (3d Cir. 2016) (not precedential) (maximum allowable revocation sentence was reasonable in *Anders* case).[11]

*    *    *

In sum, Brookins received a reasonable, within-range sentence after a fair proceeding in which he freely admitted to violating a condition of his supervised release. The issues on appeal are patently frivolous, so this Court should affirm without appointing substitute appellate counsel.

---

[11] Under 18 U.S.C. § 3583(h), the length of a post-revocation supervised release term "shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." Here, the statutory maximum supervised release term for Count One of Brookins's underlying conviction is three years. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(8), 3559(a)(3), 3583(b)(2). For Count Two, the statutory maximum is now eight years. *See* 21 U.S.C. § 841(b)(1)(B)(iii), 851; Dkt.No.151 (First Step Act op.) at 10–11. Subtracting from each figure Brookins's 14-month revocation prison term, *see* Appx3 (judgment), the length of his post-revocation supervised release may not exceed 22 months at Count One and 82 months (six years and ten months) at Count Two. *See* 18 U.S.C. § 3583(h). The District Court's sentence complies with these statutory limits. *See* Appx4 (judgment).

## CONCLUSION

For these reasons, the judgment of the District Court should be affirmed.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney

*/s/ Jonathan R. Bruno*
JONATHAN R. BRUNO
Assistant United States Attorney
Pa. Bar No. 327650

United States Attorney's Office
700 Grant Street, Suite 4000
Pittsburgh, Pennsylvania 15219
jonathan.bruno@usdoj.gov

# CERTIFICATION OF COMPLIANCE

I hereby certify that I am an Assistant United States Attorney for the Western District of Pennsylvania, that I am filing the attached Brief for Appellee United States of America, and:

(1) this Brief complies with the length limitations of Fed. R. App. P. 32(a)(7)(B)(i) because this Brief contains 9,878 words, excluding the parts of the Brief exempted by Fed. R. App. P. 32(f), and thus does not exceed the 13,000-word limit;

(2) this Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. 32(a)(6) because it has been prepared using a Microsoft Word for Microsoft 365 word-processing system and it is in a proportionally spaced typeface, namely Century Schoolbook, that is at least 14 points;

(3) the text of the electronic PDF Brief is identical to the text of the paper copies of the Brief and Appendix; and

(4) the electronic PDF Brief has been prepared on a computer that is automatically protected by a virus detection program, namely a continuously updated version of Trellix EndPoint Security, and no virus was detected.

*/s/ Jonathan R. Bruno*
JONATHAN R. BRUNO
Assistant United States Attorney

# CERTIFICATION OF FILING AND SERVICE

I hereby certify that on August 1, 2024, I caused the Brief for Appellee United States of America to be filed with the Clerk of this Court by (a) electronic filing in the PDF form using the Circuit's electronic filing system, and (b) paper filing of an original and six paper copies using postage-prepaid first-class mail.

I also certify that on August 1, 2024, I caused the Brief to be served:

[X] by the Notice of Docketing Activity generated by the Third Circuit's electronic filing system and

[X] by service of one paper copy by postage-prepaid first-class mail on:

Stephen H. Begler, Esq.
505 Court Place
Pittsburgh, PA 15219
*Counsel for Appellant*

I further certify that on August 1, 2024, I caused a copy of the foregoing to be served on Appellant via postage-prepaid first-class mail at the following address:

Anthony Brookins
c/o Greenbriar Treatment Center
350 Bonar Avenue
Waynesburg, PA 15370

*/s/ Jonathan R. Bruno*
JONATHAN R. BRUNO
Assistant United States Attorney

DATED: August 1, 2024